IN THE SUPERIOR COURT OF GUAM

JOSEPH J. ARRIOLA PABLO,       )       CIVIL CASE NO. CV0548-09
                               )
                Plaintiff,     )       DECISION & ORDER ON
                               )       DEFENDANTS' MOTION TO
        v.                     )       DISMISS FOR FAILURE TO
                               )       SUBSTITUTE PROPER PARTY
AMALIA GOGUE ARCEO, Individually, and )
AMALIA GOGUE ARCEO and RAYMOND )
A. SAN NICOLAS, in their capacities as co- )
administrators of the Estate of Pedro Dimapan )
Gogue and Juana Taimanglo Gogue, )
                               )
                Defendants.    )

## I.

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon for a Motion Hearing on April 3, 2014. Plaintiff was present and represented by Attorney Michael Berman and Defendant was present and represented by Attorney Jacqueline Terlaje.[1] The Court entertained three pending motions in the record: (1) Raymond A. San Nicolas's ("Defendant") Motion to Dismiss for Failure to Substitute Proper Party ("Defendant's Motion to Dismiss") filed on March 27, 2013, (2) Plaintiff Joseph J. Arriola Pablo's ("Plaintiff") Motion to Enlarge and Extend Time and (3) Plaintiff's Motion for Order Substituting Deceased Defendant's Co-Administrators (collectively "Plaintiff's Motions"), both of which were filed on May 1, 2013. All of these motions were fully briefed by the Parties prior to the Motion Hearing.

---

[1] Raymond A. San Nicolas is the only natural person named as a defendant in this matter. Amalia Gogue Arceo died on January 25, 2011 and Mr. San Nicolas was named a co-administrator of her estate in PR0074-11. Mr. San Nicolas, in his administrative capacities, represents all the defendants in this matter. Attorney Peter F. Perez originally represented Plaintiff in this matter until Attorney Michael Berman entered his appearance on March 24, 2014.

Upon reviewing the applicable statutes and case law, the pleadings on record and arguments advanced during the oral argument on the issues, the Court now issues this Decision & Order **GRANTING** Defendant's Motion to Dismiss for Failure to Substitute Proper Party and **DENYING** Plaintiff's Motion to Enlarge and Extend Time and Plaintiff's Motion for Order Substituting Deceased Defendant's Co-Administrators. Plaintiff's action is, therefore, dismissed as to Amalia Gogue Arceo ("Amalia"), but survives against the Estate of Pedro Dimapan Gogue and Juana Taimanglo Gogue (the "Estate").

There are additional motions in the record which are not addressed in this Decision & Order, namely: Plaintiff's Motion for Summary Judgment dated May 11, 2012, which was withdrawn by Plaintiff's new counsel at the Motion Hearing (Minute Sheet, Motion Hearing at 9:30:04-9:30:40 (Apr. 3, 2014), thereby rendering moot Defendant's Opposition filed February 10, 2014; and, Defendant's Motion to Vacate or Set Aside Summary Judgment (Sept. 13, 2012), which is moot due to mistake of fact, as the Honorable Judge Vernon P. Perez had not granted summary judgment to Plaintiff but only indicated that he was "inclined" to do so. *See* Minute Sheet at 9:33:05 (Oct. 5, 2012).

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

It is important to consider the procedural history of this case prior to the assignment of the matter to the undersigned because the lapse of time which Defendants complain about in the underlying pleading necessitates the dismissal as to Amalia, who has since passed away.[2] This case was initially assigned to the Honorable Judge Elizabeth Barrett-Anderson ("Judge Barrett-

---

[2] The procedural history recited here is based upon a review of the record and pleading in the file.

Anderson"), who had originally commenced the bench trial of this lawsuit on June 17, 2010. After counsels delivered their opening arguments, Plaintiff moved to permit further discovery and amendment of his pleadings and Judge Barrett-Anderson continued the trial until October 8, 2010. Before trial could resume, however, Judge Barrett-Anderson was recused from presiding over the case, and the matter was then reassigned to the Honorable Judge Vernon P. Perez ("Judge Perez") who heard oral arguments on Plaintiff's May 11, 2012 Motion for Summary Judgment. Judge Perez was subsequently recused on January 31, 2013 and this case was reassigned to the undersigned.

Upon reassignment to this Court, Defendant filed this instant Motion to Dismiss and Plaintiff, who was represented at that time by Attorney Peter F. Perez, filed an Opposition on May 1, 2013, followed by Defendant's Reply on May 15, 2013. Plaintiff also filed two separate motions to enlarge time and to substitute a party on May 1, 2013, which were also fully briefed through a single Opposition to both motions from Defendant filed on May 29, 2013. Plaintiff filed its Reply on June 19, 2013. Although Plaintiff's Motions are distinct filings from Plaintiff's Opposition to Defendant's Motion to Dismiss, the relief requested in Plaintiff's motions would purportedly cure the factual basis for Defendant's Motion to Dismiss and the Court considers the applicable law and relief requested for all of these motions collectively.

The factual gravamen of both Plaintiff's and Defendant's motions is the death of Amalia Gogue Arceo ("Amalia") on January 25, 2011, a defendant in both her natural capacity and as a co-administrator. The instant action is one to quiet title to an undivided interest in approximately 11,795 square meters of Lot 3252-R2, municipality of Chalan Pago and Ordot. Motion and Memorandum in Support of Summary Judgment at 1 (May 11, 2012). Plaintiff's

claim is based upon the operation of two deeds[3] for consideration from Jay Gogue (*Id.* at 1-2), who acquired his interest through a gift from his aunt, Amalia Gogue Arceo (*Id.* at 2). [4]

## III.

## LAW AND ANALYSIS

### A. GRCP 25(a)(1) Requires Substitution within 90 Days

Amalia's death did not extinguish Plaintiff's action, as any interest she held in Lot 3252-R2 was transferred by operation of law to her estate. GRCP 25(a)(1) states that when a claim is not extinguished by the death of a party, a motion or order for substitution for proper parties is required to avoid dismissal of the action: "unless the motion for substitution is made not later than 90 days after death is suggested upon the record by service of a statement of the fact of that death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party."

A Notice of Death for Amalia G. Arceo was filed February 15, 2011.[5] Plaintiff filed his motion to substitute the Estate of Amalia Gogue Arceo on May 1, *2013*, <u>806 days later</u>. Defendant does not dispute that the Estate of Amalia Gogue Arceo is the properly substituted party. On its face, the action should be dismissed as to Amalia, unless the Court grants an

---

[3] Plaintiff's Mot. for Summary Judgment attaches one deed granting Plaintiff an interest of 6,000 square meters in Lot 3252-R1 for $50,000 (Exhibit "A"). In the absence of any findings by a trier of fact, the Court relies upon Attorney Peter F. Perez's duties of candor to the tribunal under GRPC 3.3(a) for Plaintiff's factual assertions.

[4] Amalia's interest is derived from the Estate of Pedro Dimapan Gogue and Juana Taimanglo Gogue, in which she was a co-administrator, and remains open as PR0021-45. Title to approximately 47,182 square meters of Lot 3252-R2, municipality of Chalan Pago and Ordot in the aforementioned estate is conclusively established by a Decree Establishing Title in LR0001-06 (Jan. 26, 2008), attached as Exhibit "D" to Plaintiff's Mot. for Summary Judgment.

[5] Plaintiff's previous counsel argues that this Notice of Death was invalid as the attorney-client relationship dissolved upon Amalia's death and Attorney Terlaje was powerless to serve the Notice, rendering it invalid. Mot. for Substitution at 2 (May 1, 2013). Although this argument does not account for the rule of attorneys owing a duty to <u>former clients</u> under GRPC 1.9, GRCP 25(a)(1) only requires that that "the death is suggested upon the record by service of the statement of the fact of the death." The issue of Ms. Terlaje's professional relationship with a then-deceased client on the date of the Notice is a red herring, when Plaintiff's subsequent actions relied upon the fact of Amalia's death and Ms. Terlaje continued to represent the other named-defendant in this matter.

enlargement of time under GRCP 6(b)(2), as requested by Plaintiff's Motion to Enlarge and Extend Time (May 1, 2013) due to "excusable neglect."[6]

### B. Excusable Neglect under GRCP 6(b)(2) Comprises Four Factors

As the prescribed 90-day period of GRCP 25(a)(1) for a motion to substitute has long since expired, the Court will examine the facts of the delay and determine whether there is excusable neglect under GRCP 6(b)(2) to justify exercising its discretion to allow for the enlargement of time to file the motion to substitute.

GRCP 6 is adapted from FRCP 6; therefore, relevant federal law on its interpretation is highly persuasive. *See Sumitomo Constr. Co., Ltd. V. Zhong Ye, Inc.*, 1997 Guam 8 ¶ 7 ("Generally, when a legislature adopts a statute which is identical or similar to one in effect in another jurisdiction, it is presumed that the adopting jurisdiction applies the construction placed on the statute by the originating jurisdiction."). The Supreme Court of the United States has interpreted excusable neglect in the context of the Federal Rules of Bankruptcy Procedure, but made clear this interpretation also applied to its usage in the Rules of Civil Procedure. *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004)(citing *Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 US 380 (1993)). The determination of excusable neglect is ultimately an equitable one (*Pioneer* at 395) and should include: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay* at 855 (citing *Pioneer* at

---

[6] Plaintiff's request for relief under GRCP 6(d) and (e), in his Motion to Enlarge at 3, is erroneous. The Motion should be considered under GRCP 6(b)(2), as a motion requesting enlargement after the expiration of the 90-day period specified in GRCP 25(a)(1). Plaintiff's Opposition to Defendant's Motion to Dismiss at 4-5 cites the proper section and standard.

395). The Court reviews these four factors below.

### 1. Prejudice to Non-Moving Party

The delay after Amalia's death has significantly prejudiced defendants in this case. The death of Jay Gogue, as represented by Defendant's counsel (Minute Sheet, Motion Hearing at 9:36:48 (Apr. 3, 2014)), is not credited to Plaintiff in any way, but is a substantial loss of evidence, especially when Plaintiff's claims are based upon the validity of transfers of interest from Amalia to Jay Gogue to Plaintiff. Both Amalia and Jay Gogue were alive and available to testify at trial in 2010. Their unavailability, coupled with the absence of any depositions prior to their death, is the loss of key evidence, substantially impairing the defense's ability to dispute the validity of the deeds by testimony or provide testimony substantiating affirmative defenses to Plaintiff's claims.

### 2. Length and Impact on Judicial Proceedings

The delay and subsequent death of a key witness has also negatively impacted the judicial proceedings. The significant loss and unavailability of evidence hampers the fact-finding process, prejudicing both parties and putting into question the factual bases and validity of any judicially sanctioned outcome, especially when one adversarial party is impaired significantly more than the other. Here, the record reveals that Jay Gogue, as both purported grantor to Plaintiff and grantee from Amalia, would have been best positioned to testify as to every relevant transfer at issue in this matter and both parties are prejudiced by his death when his testimony is unavailable to the trier of fact.

### 3. Reason for the Delay

Plaintiff's filings proffer three principal reasons for the delay: mootness due to the grant of summary judgment in his favor by Judge Perez on July 19, 2012 (Opposition to Defendant's

Motion to Dismiss at 3 (May 1, 2013)); an improper Notice of Death filed by Attorney Terlaje due to lack of authority (*Id.* at 8); and the fact a personal representative was not appointed for Amalia's estate until April 10, 2013 (*Id.* at 2). The Court finds these reasons unpersuasive as recognizable excuses.

Plaintiff's mistaken belief[7] of prevailing on summary judgment was corrected at a hearing, with all Parties present, before Judge Perez on October 5, 2012 (Minute Sheet at 9:33:05) and Plaintiff knowingly filed his Motion for Summary Judgment <u>472 days</u> after Amalia's death: stating, "The Defendant Amalia Gogue Arceo passed away on January 25, 2011" (Plaintiff's Motion for Summary Judgment at 6 (May 11, 2012)).

Assuming, *arguendo*, that Attorney Terlaje had no authority to represent Amalia after her death and no authority to notify the action of her death, Plaintiff does not dispute her authority as an attorney for the remaining party in this action, the Estate of Pedro Dimanpan Gogue and Juana Taimanglo Gogue. Plaintiff's reliance on improper notification of death is at odds with Plaintiff's acknowledgement of her death in his Motion for Summary Judgment and his Petition for Letters of Administration[8] in the Estate of Amalia Arceo (Opp'n to D.'s Mot. to Dismiss at 1-2 and Exhibit "A" (May 1, 2013)).

Finally, the Court finds unpersuasive Plaintiff's assertion that his delay is excused by a delay in appointing an administrator for the Estate of Amalia Arceo. Plaintiff could have filed a

---

[7] The Court was dismayed by Plaintiff's previous counsel's continued, and possibly willful, misrepresentation in pleadings, after the October 5, 2012 hearing before Judge Perez, of summary judgment granted in his favor. The Court should normally not have to delve into the minutiae of an unfamiliar record in order to correct a factual error of such significance. This mistake of fact is not *de minimis* when Plaintiff devotes over half of his Opposition upon reliance of summary judgment in his favor and the misrepresentation was made to the undersigned, not Judge Perez.

[8] As a collateral matter, the Court notes that Plaintiff and his then-counsel (unsuccessfully) sought to represent the interests of a decedent with claims adverse to his own. Had Plaintiff succeeded in a grant of letters of administration, he would have, in his personal capacity been forced to pursue a claim against himself, in his administrative capacity.

motion to substitute the Estate of Amalia Arceo and the action could have been stayed pending the appointment of a personal representative. The relative simplicity of this procedure is far outweighed by the complexity of briefing a motion for summary judgment. Plaintiff does not offer any reason to explain why a motion under GRCP 56 could be briefed and filed, but not a motion under GRCP 25.

### 4. Conduct of Moving Party

The Court does not find Plaintiff's conduct in the two years after Amalia's death evidences good faith excusing the delay. In summary, the Court takes notice of the following:

1. Plaintiff sought Letters of Administration for the Estate of Amalia Arceo, while simultaneously maintaining a claim against the decedent;

2. Plaintiff moved for summary judgment, acknowledging the death of Amalia Arceo, before making an effort to substitute proper party or stay the action;

3. Plaintiff factually represented and based substantial legal argument upon Judge Perez's purported grant of summary judgment, which is contradicted by the record;

4. The Court holds that Plaintiff knew or should have known summary judgment was not granted by Judge Perez, as is apparent from a simple reading of the record;

5. Plaintiff did not attempt to comply with the strictures of GRCP 25 until the Defendant filed a Motion to Dismiss;

6. Plaintiff disputes the validity of Notice of Death of Amalia Arceo, yet acted in reliance upon such notice or with actual knowledge of her death in continuing to pursue his claim against Amalia.

### C. The Court Does Not Find Excusable Neglect

In the Court's analysis, there is no excusable neglect for Plaintiff's 806-day delay in

filing a motion to substitute proper parties. The delay has substantially and incurably prejudiced Defendant's evidence, diminished the ability of Plaintiff's claims to be judicially adjudicated, not been justified by any excusable reasons.

**IV.**

**CONCLUSION**

Plaintiff has failed to comply with the timely requirements of GRCP 25(a)(1) and the Court does not find excusable neglect to support an enlargement of time under GRCP 6(b)(2). Therefore, **Plaintiff's Motions to Enlarge Time and Substitute Proper Party are HEREBY DENIED and Defendant's Motion to Dismiss is HEREBY GRANTED.**

Plaintiff's claims against decedent Amalia Gogue Arceo (as a natural party) are **dismissed with prejudice.** Plaintiff's claims against Raymond A. San Nicolas, in his capacity as Administrator of the Estate of Pedro Dimapan Gogue and Juana Taimanglo Gogue **survive.**

The Court will hold a status hearing in this matter on **September 17, 2014 at 03:30 p.m.**

**SO ORDERED this** ___18th___ **day of August, 2014.**


**HONORABLE MARIA T. CENZON**
**Judge, Superior Court of Guam**